UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.: 08 CR 79-1 ) |
| FRANCISCO REYES-DIAZ, also known as Manuel Mariscal Magana | ) Honorable Suzanne B. Conlon ) ) |
| Defendant. | ) |

### DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

**PSR Objections: Criminal History**

The Defendant, pursuant to the plea agreement, has agreed that his criminal history category is IV, based on 8 criminal history points. (PLEA AGREEMENT, para. 8(c)) The PSR adds a criminal history point, under §4A1.1(e) for 9 points. The additional point does not affect the agreed upon criminal history category. Under the Plea Agreement, the parties agree that the defendant receives an additional 2 criminal history points under §4A1.1(e) for committing the reentry within two years of his release from prison in Nebraska in 2005. (PLEA AGREEMENT, para. 8(c)(iii)) The PSR's calculation of the criminal history category differs from the Plea Agreement by applying two points under §4A1.1(d) for the 2007 Illinois offense, and then an additional point under §4A1.1(e) for the 2005 Nebraska sentence.[1]

The Defendant objects to the two points added under U.S.S.G §4A1.1(d) for the 2007 Illinois sentence. (PSR, pg. 6) The PSR assigns these two points under the theory that the

---

[1] The Guidelines call for an additional point, rather than two points, under 4A1.1(e) when the defendant has received two points for 4A1.1(d).

1

Defendant committed the offense of illegal reentry while under a criminal justice sentence, i.e. the 2007 Illinois sentence. (PSR, pg. 6) The Defendant committed the reentry at issue here in January of 2006.(PLEA AGREEMENT, para. 6) He was not subject to any criminal justice sentence at that time. On December 18, 2007, a Cook County judge sentenced the defendant to four years of prison under 06 CR 12457-02. The PSR assumes that the Defendant's presence in the United States is a "continuing" offense, meaning that because he was present in the United States when he received the 2007 Illinois sentence, he "committed" the offense the next moment, after he received his sentence.

Under Seventh Circuit precedent, the "found in" element of 8 U.S.C. § 1326(a)(2) makes the reentry offense a continuing one for purposes of liability, venue, and statute of limitation. *United States v. Are*, 498 F.3d 460 (7th Cir., 2007); *United States v. Garcia*, No. 07-2060 (7th Cir. 3/13/2008) (7th Cir., 2008). Under *Are* and *Garcia*, it appears that the offense ends, for statute of limitations purposes, when the ICE agents actually discover the defendant's illegal presence in the United States and deportability status. The Defendant was held in the Cook County jail from June of 2006 until his transfer to IDOC custody on December 21, 2007. ICE had placed a detainer on the Defendant in June of 2006, after an ICE agent interviewed the Defendant at the Cook County Jail (See attached report). The instant charges were not brought until after the completion of the four year IDOC sentence, apparently for time served while in Cook County Jail. It would violate the intent of §4A1.1(d) to apply it to a case where, as here, the sentence that triggered the guideline did not exist at the time ICE actually discovered the Defendant's presence in the United States.

**§3553 factors**

The Defendant requests that this Court impose a reasonable sentence. As the Seventh Circuit recently reiterated, "[s]ection 3553 (a) provides that the following factors should be considered in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, deter criminal conduct, protect the public from the defendant, and provide the defendant with needed training and treatment; (3) the kinds of sentences available; (4) the appropriate sentencing range under the applicable Guidelines issued by the Sentencing Commission; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §3553(a)." *United States v. Alden*, No. 07-1709 (7th Cir. 5/30/2008) (7th Cir., 2008) The PSR sets out the defendant's difficult upbringing. (PSR, pg. 7-9) The Defendant also self reported a history of substance abuse, and the defendant respectfully requests that this Court recommend drug evaluation and treatment during his BOP time. (PSR. Pg. 9)

**WHEREFORE**, for these reasons stated above, the Defendant respectfully requests a reasonable sentence.

Respectfully Submitted,

        S/Timothy R. Roellig/June 3,2008
**NOVELLE & ROELLIG, LLC.**
**TIMOTHY R. ROELLIG, ARDC NO. 6230135**
Attorney for the Defendant
47 W. Polk, Suite M11
Chicago, IL 60605
312-786-1100 Office

3

312-786-1102 Facsimile
Email: timothy.roellig@earthlink.net

**CERTIFICATE OF SERVICE**

**I,** Jeanyce Vega, certify that the above Objections to the Pre-Sentence Investigation Report have been e-filed via the courts ECF filing system on this 3rd day of June, 2008, and that a hand delivered copy of the above and foregoing has been delivered to the Honorable Suzanne B. Conlon, Assistant United States Attorney Stephen Chahn Lee, and Sandra DeNicholas, United States Probation Officer.

　　　　S/Jeanyce Vega/June 3, 2008

**JEANYCE VEGA**