UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 79 |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| FRANCISCO REYES-DIAZ | ) | |
| also known as "Manuel Mariscal | ) | |
| Magana" | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
RESPONSE TO DEFENDANT'S OBJECTIONS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby responds to defendant's sentencing memorandum as follows:

**I.     Background**

Defendant was charged with, and pleaded guilty to, being found, on or about December 21, 2007, in Joliet, in the Northern District of Illinois, after being deported and removed from the United States after having been convicted of an aggravated felony, and without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and b(2), and Title 6, United States Code, Section 202(4).

More specifically, defendant admitted in his plea agreement that he is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. Defendant most recently entered the United States from Mexico in or about January 2006. On or about June 15, 2006, defendant was arrested by the Chicago Police Department in Chicago, Illinois for a drug offense to which defendant later pled guilty. At the time of his arrest, defendant used the name

"Manuel Mariscal." On or about December 21, 2007, agents of the Bureau of Immigration and Customs Enforcement ("ICE") took defendant into custody at Joliet, Illinois. At no time had defendant sought or obtained the express consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States.

## II.     Guidelines Calculations

The Probation Department adopted the government's position on offense level, as follows:

| | |
|---|---|
| 8 | base offense level, per Guideline § 2.L1.2(a) |
| +8 | prior deportation for aggravated felony, per Guideline § 2L1.2(b)(1)(C) |
| -3 | acceptance of responsibility |
| **13** | **adjusted offense level** |

The Probation Department also adopted the government's position on defendant's criminal history, except for its treatment of when the instant offense was committed.

| | |
|---|---|
| +1 | 12/10/98 conviction for transport/sale of a controlled substance, namely, cocaine base, 7 days' imprisonment, pursuant to Guideline § 4A1.1(c) |
| +2 | 11/8/04 conviction for possession of marijuana, 1 year of imprisonment, per Guideline § 4A1.1(b) |
| +3 | 12/18/07 conviction for knowingly possessing more than 5,000 grams of a substance containing cannabis; 4 years' imprisonment, per Guideline § 4A1.1(a) |
| +2 | committing instant offense while under a criminal justice sentence, per Guideline § 4A1.1(d) |
| +1 | committing instant offense less than two years after release from imprisonment on a sentence counted under Guideline § 4A1.1(a) or (b), per Guideline § 4A1.1(e) |
| **9** | **total criminal-history points - Category IV** |

The Guidelines range is therefore 24 to 30 months of imprisonment. The government agrees with the Probation Department's calculations, and further notes that it did fail to contemplate Probation's treatment of when the instant offense was committed when it entered into the plea agreement with defendant. Nonetheless, even though Probation's calculation results in one additional criminal-history point than the calculation set forth in the plea agreement, this makes no difference to defendant's criminal-history category or to his Guidelines range.

### III.     Argument

#### A.     Illegal Reentry is a Continuing Offense.

The crime of illegal reentry under 8 U.S.C. § 1326(a)(2) is committed when a previously deported alien "enters, attempts to enter, or is at any time found in, the United States" without the permission of the Secretary of the Department of Homeland Security. The defendant here was indicted for committing the "found in" version of this offense, and pled guilty to this.

As defendant acknowledges, the reentry offense is a continuing one for purposes of liability, venue and statute of limitations. *See* Defendant's Sentencing Memorandum at 2. The Seventh Circuit has also held that it is a continuing one for purposes of computing a defendant's criminal history. In *United States v. Lopez-Flores*, 275 F.3d 661 (7th Cir. 2001), the Seventh Circuit held that it would have been frivolous for a defendant to challenge a sentence that was based on a criminal-history calculation that incorporated an argument about when the offense of illegal reentry occurred, stating that "the 'found in' offense is first committed at the time of reentry and *continues to the time when he is first arrested for the offense*." 275 F.3d at 662 (emphasis added). Moreover, the Seventh Circuit stated that the "date of discovery has no significance so far as culpability is concerned." *Id*.

Accordingly, the Probation Department was correct in its calculation of defendant's criminal history. Defendant *began* to commit the instant offense when he illegally reentered the United States in or around January 2006, *continued* to commit the offense while he remained in the United States, and *ended* the offense only when he was "arrested" for the offense, which occurred on December 21, 2007, when he was taken into the custody of ICE. Defendant thus continued to commit the instant offense even after he was arrested by the Chicago Police Department in June 2006 for a different offense and continued to commit the instant offense after he was sentenced in the Circuit Court of Cook County, Illinois on December 18, 2007 to four years of imprisonment.[1] As defendant continued to commit the instant offense from June 2006 through December 21, 2007, Guideline § 4A1.1(d) applies and results in two criminal-history points. As defendant began to commit the offense less than two years after being released from imprisonment on his 2004 conviction, Guideline § 4A1.1(e) applies and results in one additional criminal-history point.

Defendant argues that it would be inappropriate to apply Guideline § 4A1.1(d) because defendant's offense was completed when he was first interviewed by ICE agents. Defendant cites to an ICE report, an incomplete version of which is attached as an exhibit to his Sentencing Memorandum, for the proposition that ICE placed a detainer on defendant in June 2006 after interviewing him. The report, which is dated January 9, 2008, does refer to statements by defendant and to a detainer being placed on him, but does not provide dates as to these events. A full version

---

[1] Defendant suggests that he was released by the Illinois Department of Corrections ("IDOC") only three days after being sentenced to four years of imprisonment because his sentence was treated as "time served." *See* Defendant's Sentencing Memorandum at 2. In fact, defendant's early release occurred because of an error by the Circuit Court Clerk for Cook County, which led the Illinois Department of Corrections to believe that defendant had received a sentence of one year, not four years, and to release defendant early.

of the cited report is attached as Government Exhibit A. Documents relating to Exhibit A, specifically, a statement by the defendant dated January 9, 2008 and a decision dated January 9, 2008 to reinstate the prior order of removal, are attached as Government Exhibits B and C.

The government does acknowledge that it failed to contemplate the applicability of Guideline § 4A1.1(d) at the time it entered into the plea agreement with defendant, and that the application of this Guideline does result in a higher number of criminal-history points than set forth in the plea agreement. Nonetheless, this has no effect on defendant's criminal-history category or on his Guidelines range. Accordingly, defendant suffers no prejudice as a result of the change.

### B. A Sentence Within The Guidelines Range is Reasonable and is Not Greater than Necessary Under 18 U.S.C. § 3553(a).

Defendant requests a "reasonable" sentence without making a specific recommendation as to a term of imprisonment. As the government agreed to in the plea agreement, it recommends that sentence be imposed within the applicable Guidelines range. Such a sentence would be presumed by the Seventh Circuit to be "reasonable," s*ee, e.g., United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and thus would appear to satisfy defendant's request.

The PSR sets forth many facts which are relevant to the Court's analysis under 18 U.S.C. § 3553(a). Significantly, the instant offense marks the second time that defendant has reentered the United States after being deported and without lawful permission. The recidivist nature of defendant's offense is relevant to the Court's consideration of the nature and circumstances of the instant offense and the history and characteristics of the defendant, and shows the need for a sentence that would deter defendant from again reentering the United States illegally and promote respect for the law. The government will also argue the Section 3553(a) factors in more detail at

the sentencing.

Defendant further requests that the Court recommend drug evaluation and treatment during his imprisonment. The government has no objection to this request.

## IV.  Conclusion

For the reasons set forth in this memorandum, the PSR, and the Government's Version of Events, a sentence within the Guidelines range is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s/ Stephen Chahn Lee
      STEPHEN CHAHN LEE
      Assistant United States Attorney
      219 South Dearborn, 5th Floor
      Chicago, IL 60604
      (312) 353-4127